# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHAREL MAWBY, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:20-cv-00827<br>) |
| KRAFT HEINZ FOODS COMPANY, | )<br>) |
| Defendant. | )<br>)<br>) |

## DEFENDANT KRAFT HEINZ FOODS COMPANY'S NOTICE OF REMOVAL

Defendant Kraft Heinz Foods Company ("Kraft Heinz") hereby effects the removal of this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper under 28 U.S.C. § 1391 because this action was filed in the Circuit Court of Jackson County, Missouri, which is part of the District and Division to which this case has been removed.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiff filed this lawsuit in the Circuit Court of Jackson County, Missouri on August 27, 2020. Kraft Heinz executed a waiver of service on September 24, 2020, thereby effecting service of the Petition. The waiver of service is attached as <u>Exhibit A</u>.

2. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the state court case file is attached and incorporated by reference. The state court case file, including the Petition ("Pet."), is attached as <u>Exhibit B</u>.

33249275v.1

Case 4:20-cv-00827-SRB    Document 1    Filed 10/13/20    Page 1 of 8

3. Plaintiff alleges that the labeling of Kraft Heinz's Maxwell House coffee canisters (the "Products") includes "false, misleading, and unfair representations about the number of cups of coffee consumers can expect to make from the coffee in the canister." Pet. ¶ 1. Specifically, Plaintiff alleges that each canister of the Products states that it "Makes Up to __ 6 FL OZ Cups," but that Kraft Heinz's "automated manufacturing processes result in Maxwell House Canisters being systematically and uniformly underfilled, making it impossible to brew the represented number of suggested-strength cups of coffee from each canister." *Id.* ¶¶ 6, 11.

4. Plaintiffs allege that the extent of the purported underfilling varies by product, but that each of the Products does not contain sufficient coffee grounds to make the advertised number of cups, regardless of whether one follows the instructions to make a single cup of coffee (using one tablespoon of coffee grounds) or a 10-cup pot of coffee. *Id.* ¶ 10. For example, Plaintiff claims that the 11.5-ounce size of Maxwell House Original Roast makes either 63 of the 90 advertised cups (70% of the advertised amount) when brewed in single-serving cups or 77 of the 90 advertised cups (85.5% of the advertised amount) when brewed in a 10-cup pot. *Id.* Likewise, Plaintiff claims that the 24.5-ounce size of Maxwell House Dark Roast makes either 139 of the advertised 210 cups (66.6% of the advertised amount) when brewed in single-serving cups or 173 out of the advertised 210 cups (82.8% of the advertised amount) when brewed in a 10-cup pot. *Id.*

5. Based on those allegations, Plaintiff asserts a claim against Kraft Heinz under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat § 407.010 *et seq.* Pet. ¶¶ 22-34. Plaintiff purports to assert this claim on behalf of a putative class including "all consumers who have purchased Maxwell House Canisters containing the Challenged Representation in the State of Missouri for personal, family or household purposes at any time from August 27, 2015 to the present." *Id.* ¶ 15.

6. In her Petition, Plaintiff seeks "actual damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and any other appropriate relief." Pet. at 9 (Prayer for Relief). Plaintiff purports to seek damages equivalent to a "portion of the purchase price

corresponding to the missing amount of coffee grounds required to make the represented number of suggested-strength cups of coffee." *Id.* ¶ 13.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

7. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

8. Plaintiff alleges that the "[m]embers of the Class are so numerous that their individual joinder herein is impracticable." Pet. ¶ 16. Moreover, sales data obtained from Nielsen confirms that Kraft Heinz sold over a million units of the Products in Missouri during the putative class period, which supports a reasonable inference that at least 100 consumers in Missouri purchased the Products. That satisfies CAFA's numerosity requirement.

### The Parties Are Minimally Diverse

9. Plaintiff "is a Missouri citizen and a resident of Independence, Missouri." Pet. ¶ 3.

10. Kraft Heinz is a Pennsylvania limited liability company that is co-headquartered in Chicago, Illinois and Pittsburgh, Pennsylvania. Kraft Heinz's members are Kraft Heinz Intermediate Corporation II and HJH Development Corporation, both of which are incorporated in Delaware with a principal place of business in Pittsburgh, Pennsylvania.

11. Accordingly, CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Missouri, while Kraft Heinz is a citizen of Delaware, Illinois, and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

### There Is At Least $5,000,000 In Controversy

12. "[W]hen determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude

3
33249275v.1
Case 4:20-cv-00827-SRB    Document 1    Filed 10/13/20    Page 3 of 8

that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (citation and internal quotation marks omitted); *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (same); *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969) ("Jurisdiction is measured by the amount properly pleaded or as of the time of the suit, not by the end result.").

13. "A court determines the amount in controversy by aggregating the claims of all proposed class members." *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013); *see also Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (directing courts to assess the amount in controversy by "adding up the value of the claim of each person who falls within the definition of the proposed class"). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."[1] *Raskas*, 719 F.3d at 888; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (holding that the amount-in-controversy standard is satisfied if the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

14. Kraft Heinz has access to retail scan sales data through Nielsen, which collects retail data for major metropolitan areas. Nielsen's sales data shows that, since January 1, 2016 to the present (which is entirely within the putative class period), sales of the Products totaled over $35 million in the Kansas City and St. Louis metropolitan areas alone. These figures significantly *understate* total sales in Missouri during the putative class period, as they do not include e-commerce sales, sales through Costco and certain other retailers, sales between August 27, 2015 and December 31, 2015 and sales of the Products in areas of Missouri outside the St. Louis and Kansas City metropolitan areas.

---

[1] The Supreme Court and the Eighth Circuit have both held that "[e]vidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) ("A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction."). To the extent there is any dispute as to the amount in controversy, Kraft Heinz expressly reserves the right to submit evidence substantiating its allegations as to the amount in controversy. *See Pudlowski*, 829 F.3d at 965 (holding that courts must "consider postremoval evidence" in assessing whether a lawsuit satisfies CAFA's amount-in-controversy requirement).

15. In assessing the amount in controversy, it is irrelevant that Plaintiff purports to limit her damages to the "portion of the purchase price corresponding to the missing amount of coffee grounds required to make the represented number of suggested-strength cups of coffee." Pet. ¶ 13. Just as the Supreme Court's decision in *Knowles* prohibits a plaintiff from "stipulating" to limit the class's recovery to $5 million or less (*see* 588 U.S. at 592-93), it also prohibits Plaintiff from circumventing removal by limiting the class's damages to an amount less than the Products' aggregate purchase price. *See Raskas*, 719 F.3d at 887-88 (using the defendants' "total sales of their respective medications" to calculate the amount in controversy).

16. Moreover, even assuming that Plaintiff could limit the amount in controversy to a portion of the purchase price, this lawsuit still satisfies CAFA's amount in controversy requirement. Here, Plaintiff alleges that the Products contain between 66.1% and 73.3% of the advertised number of tablespoons of coffee, resulting in a purported underfilling between 36.7% and 43.9%. *See* Pet. ¶ 10. When one multiplies this percentage by the over $35 million in sales attributable to the St. Louis and Kansas City metropolitan areas alone, which is how Plaintiff purports to measure damages in this case, the resulting amount readily exceeds $5 million.

17. Plaintiff also seeks attorney's fees pursuant to the MMPA. *See* Pet. at 9 (Prayer for Relief). Those fees are properly considered as part of the amount in controversy for purposes of determining federal jurisdiction. *See Raskas*, 719 F.3d at 887-88; *Harrington*, 42 F. Supp. 3d at 1201 (considering amount of potential attorney's fees and punitive damages in determining the amount in controversy where the plaintiffs alleged causes of action under the MMPA). Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See, e.g.*, *Harrington*, 42 F. Supp. 3d at 1201 (applying a "standard 33% attorney's fee to the Class's compensatory damages" for purposes of determining the amount in controversy related to the plaintiff's MMPA claim). In other words, Plaintiff's request for attorney's fees increases the potential amount in controversy by approximately one third, if not more.

18. In another effort to defeat removal, Plaintiff purports to "stipulate that in no event shall she request or accept an award of attorney's fees in this case that would cause the amount in

5

33249275v.1

Case 4:20-cv-00827-SRB     Document 1     Filed 10/13/20     Page 5 of 8

controversy to exceed the . . . aggregate sum of $5,000,000 on the class claims, exclusive of interest and costs." Pet. at 9-10 (Stipulations on Recovery). However, the Eighth Circuit has applied the Supreme Court's decision in *Knowles* to hold that a pre-certification "stipulation limiting the amount of attorneys' fees in order to defeat CAFA jurisdiction" is of no legal effect and that a district court may "properly include[] in the jurisdictional amount the attorneys' fees that may be awarded." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018). Accordingly, this Court should consider a potential award of attorney's fees when calculating the amount in controversy.

## **VENUE IS PROPER**

19. Venue is proper because this action was initially filed in the Circuit Court of Jackson County, Missouri, which is located in the Western District of Missouri. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 105(b) (noting that the Western District of Missouri encompasses Jackson County). Further, venue is proper under 28 U.S.C. § 1391 because Plaintiff allegedly purchased the Products at "various retailers near her home," such that a substantial portion of the acts or omissions alleged in the Petition took place in the Western District of Missouri. Pet. ¶ 3.

## **REMOVAL IS TIMELY**

20. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and the Petition. Kraft Heinz executed a waiver of service on September 24, 2020, fewer than thirty days before filing this Notice of Removal. *See* Ex. A. This Notice of Removal is accordingly timely.

## **OTHER REQUIREMENTS FOR REMOVAL ARE MET**

21. Kraft Heinz has not filed any responsive pleadings or any papers responding to the Petition in the Circuit Court.

6

22. Kraft Heinz will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Circuit Court as required by 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, notice is given that this action is removed from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division.

Dated: October 13, 2020            LATHROP GPM LLP

By:    /s/ *Brian C. Fries*
       Brian C. Fries (40830)
       2345 Grand Boulevard, Suite 2200
       Kansas City, Missouri 64108-2618
       Telephone: (816) 292-2000
       Telecopier: (816) 292-2001
       brian.fries@lathropgpm.com

       ATTORNEYS FOR DEFENDANT

7
33249275v.1
Case 4:20-cv-00827-SRB    Document 1    Filed 10/13/20    Page 7 of 8

## CERTIFICATE OF SERVICE

   I hereby certify that on this 13th day October, 2020, a copy of the above pleading was served via the District Court ECM/ECF system and by Electronic Mail on the following counsel of record:

  Christopher S. Shank
  Stephen J. Moore
  David L. Heinemann
  SHANK & MOORE, LLC
  1968 Shawnee Mission Pkwy, Suite 100
  Mission Woods, Kansas 66205
  chris@shankmoore.com
  sjm@shankmoore.com
  davidh@shankmoore.com
  ATTORNEYS FOR PLAINTIFFS

             /s/ *Brian C. Fries*
             An Attorney for Defendant